## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARCUS HAMILTON WILBORN,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** <u>5:21-cv-00155</u> |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **KEMONTA HARGIS and HMD** | § | |
| **TRUCKING, INC.,** | § | |
| *Defendants.* | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Kemonta Hargis, Defendant herein, removes to this Court the state court action pending in the 81st-218th Judicial District Court in Atascosa County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### BACKGROUND

1.      This matter arises from a vehicular accident that occurred on March 20, 2020.  In his Original Petition, Marcus Hamilton Wilborn, Plaintiff herein, alleges that on or about March 20, 2020, he was involved in a vehicular collision with Defendant Kemonta Davis. On November 18, 2020, Plaintiff filed his Original Petition alleging negligence causes of action against Defendant Kemonta Hargis in the 81st-218th Judicial District Court in Atascosa County, Texas bearing Cause No. 20-11-0959-CVA (the "State Court Action"). *See* Plaintiff's Original Petition, attached hereto as **Exhibit B**.

2.      The Petition alleges the Plaintiff resides in Texas. *See* Exhibit B. Plaintiff is a Texas citizen.

4817-3754-1059.1

3.      The Petition alleges that Defendant Kemonta Hargis is a resident of Maryland.

4.      Plaintiffs served Defendant Kemonta Hargis on January 19, 2021.  Defendant Kemonta Hargis and appeared or answered on February 8, 2021, asserting a general to the claims and allegations made in Plaintiff's Original Petition. See Defendant's Original Answer, attached as **Exhibit B**.

5.      Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated herein under **Exhibit B**.

6.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant Kemonta Hargis will give written notice of the removal to Plaintiff Marcus Hamilton Wilborn through his attorney of record, and to the clerk of the 81st-218th Judicial District Court, Atascosa County, Texas.

7.      Pursuant to 28 U.S.C. § 1446(b)(3) this Notice of Removal has been timely filed by the Defendant Kemonta Hargis within thirty (30) of service of the lawsuit.

<u>EXHIBIT INDEX</u>

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed. |
| **Exhibit B** | The executed process in this case that are on file with the state court (to the extent that counsel can obtain said copies), including a copy of the Plaintiff's Original Petition, Citation served upon Defendant Kemonta Hargis and a copy of Defendant Kemonta Hargis' Original Answer. |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | Civil Cover Sheet |

<u>JURISDICTION</u>

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removal to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of

citizenship between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

     **A.**    **DIVERSITY OF PARTIES**

    9.    Plaintiff is domiciled in Texas. In his Original Petition, Plaintiff alleges that he is an individual residing in Texas.

    10.    Defendant is domiciled in Salisbury, Maryland.

    11.    Accordingly, there is complete diversity between the Texas Plaintiff and the Maryland Defendant pursuant to 28 U.S.C. § 1332(a).

     **B.**    **AMOUNT IN CONTROVERSY**

    12.    Based on Plaintiff's pleading and their pre-suit notice, the amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs. Specifically, the Petition alleges Plaintiff "seeks monetary relief over $1,000,000.0." *See*, Exhibit B. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

<u>**CONCLUSION**</u>

    11.    Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

    WHEREFORE, Defendant Kemonta Hargis respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. Defendant Kemonta Hargis further requests any additional relief to which he may be justly entitled.

DATE: February 18, 2021.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/ s / David A. Oubre*
**DAVID A. OUBRE**
**ATTORNEY IN CHARGE**
Texas Bar No.: 00784704
David.oubre@lewisbrisbois.com
**GARY G. GREEN**
Texas Bar No. 08350993
Gary.green@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
**ATTORNEYS FOR DEFENDANT,**
**KEMONTA DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on February 18, 2021.

*Via E-Service:* *e-service@maltoslaw.com*
Manuel C. Maltos
MALTOS LAW FIRM, PLLC
8600 Wurzbach, Suite 702
San Antonio, Texas 78240

        AND

*Via E-Service:* *gcantu@thecantulawfirm.com*
German Cantu
CANTU LAW FIRM, PLLC
8600 Wurzbach, Suite 702
San Antonio, Texas 78240
*ATTORNEYS FOR PLAINTIFF*

*/ s / Gary G. Green*
Gary G. Green

4817-3754-1059.1