# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARCUS HAMILTON WILBORN,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **KEMONTA HARGIS and HMD** | § | |
| **TRUCKING, INC.,** | § | |
| *Defendants.* | | |

# EXHIBIT B

Filed 11/18/2020 3:07 PM
Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Ashley Reynolds

20-11-0959-CVA

Cause No. _____

| | | |
|---|---|---|
| MARCUS HAMILTON WILBORN, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | ___ JUDICIAL DISTRICT COURT |
| | § | |
| KEMONTA HARGIS AND | § | |
| HMD TRUCKING, INC., | § | |
| *Defendants.* | § | |
| | | ATASCOSA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)

To the Honorable Judge of Said Court:

Plaintiff Marcus Hamilton Wilborn, files this Original Petition (with discovery) complaining of Defendants Kemonta Hargis and HMD Trucking, Inc. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

### 1. DISCOVERY CONTROL PLAN

1.1. Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### 2. NOTICE OF CONSENT TO ELECTRONIC SERVICE

2.1. Plaintiff consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause only when service is completed through eFileTexas.gov, the state-authorized electronic filing manager, using this e-mail address: e-serve@maltoslaw.com

### 3. PARTIES

3.1. Plaintiff Marcus Hamilton Wilborn ("Wilborn") is an individual residing in Texas.

3.2. Defendant Kemonta Hargis ("Hargis") is an individual and may be served with process by serving him at his residence: **1812 Thomas Lane, Salsbury, Maryland 21801.**

3.3. Defendant HMD Trucking, Inc. ("HMD") is a corporation that may be served with process

---

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)



by serving its registered agent for service:  **Fatovic, Robert D, 11690 NW 105 St Miami, Florida 33178 or wherever the registered agent can be found.**

## 4.  VENUE

4.1.    Venue is proper in Atascosa County, Jourdanton, Texas because all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Atascosa County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1-3).

## 5.  BACKGROUND

5.1.    On or about Friday, March 20, 2020, Plaintiff Wilborn was the right front seated passenger in a 2019 White International Truck travelling southbound IH 37 near mile post 113 in Atascosa County, Texas.

5.2.    Defendant Hargis was operating a 2019 Peterbilt tractor trailer truck, a company motor vehicle for HMD Trucking, Inc., also driving southbound on IH 37 in front of Wilborn.

5.3.    Due to traffic ahead, Hargis failed to control his speed and drive in a single lane thereby striking the front of the Wilborn vehicle with the rear of his trailer as it travelled into Wilborn's lane of traffic.

5.4.    Defendant HMD hired, qualified, supervised, and retained Hargis. At all times relevant to this lawsuit, Hargis was acting in the course and scope of his actual or statutory employment with Defendant HMD.

## 6.  NEGLIGENCE OF KEMONTA HARGIS

6.1.    Hargis was negligent in the operation of the company motor vehicle. Specifically, Hargis:

6.1.1.  Failed to keep the vehicle in proper working order;

6.1.2.  Failed to exercise due care to avoid the incident;

6.1.3.  Failed to obey traffic laws;

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)                                    Page 2 of 16



6.1.4.  Failed to safely operate the vehicle;

6.1.5.  Used poor driving judgment while operating the vehicle.

6.1.6.  Failed to control his speed;

6.1.7.  Failed to drive as nearly as practical entirely within a single lane, and not move from the lane unless that movement can be made safely in violation of Texas Transp. Code 545.060;

6.2.    Each of the foregoing negligent acts or omissions whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

6.3.    Defendant HMD is vicariously liable for the negligence of Hargis under the statutory employment doctrine as well as the doctrine of respondeat superior.

## 7.    NEGLIGENCE OF HMD TRUCKING, INC.

7.1.    Further, Defendant HMD was independently and directly negligent.  Defendant HMD owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant, adequately supervising and training its employee-drivers, and adequately maintaining its vehicles and trailers. The reason for this duty of care is to promote safety and prevent motor vehicle collisions. Defendant HMD had and superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe vehicles off public roads.  However, Defendant HMD:

7.1.1.  Failed to appropriately and adequately train Hargis;

7.1.2.  Failed to appropriately and adequately supervise Hargis;

7.1.3.  Failed to remain knowledgeable Hargis's competence and qualifications;

7.1.4.  Failed to enforce or implement progressive discipline policies;

7.1.5.  Negligently continued to retain Hargis;

---

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)                                    Page 3 of 16



7.1.6.  Negligently maintained its vehicles;

7.1.7.  Negligently entrusted the commercial motor vehicle to Hargis;

7.1.8.  Negligently assigned Hargis the job when he was not competent to perform such job under the known conditions;

7.2.    Each of the foregoing negligent acts or omissions of Defendant HMD, whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are described below with more particularity.

## 8.    DAMAGES

8.1.    As a proximate result of the collision and of the negligence of the Defendant, Plaintiff suffered injuries and the following damages:

8.1.1.  Reasonable and necessary medical expenses in the past;

8.1.2.  Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

8.1.3.  Physical pain suffered in the past;

8.1.4.  Physical pain which, in all reasonable probability, will be suffered in the future;

8.1.5.  Mental anguish suffered in the past;

8.1.6.  Mental anguish which, in all reasonable probability, will be suffered in the future;

8.1.7.  Physical impairment in the past;

8.1.8.  Physical impairment which, in all reasonable probability, will be suffered in the future;

8.1.9.  Lost wages in the past.

8.2.    Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary relief being over $1,000,000, with the final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)                                           Page 4 of 16



### 9.     JURY DEMAND

9.1.   Plaintiff respectfully requests a jury trial and has tendered the appropriate fee.

### 10.     REQUEST FOR DISCLOSURES

10.1.   Plaintiff hereby requests that Defendants provide the disclosures required under Tex. R. Civ.

P. 194.2.

### 11.     INTERROGATORIES TO HMD TRUCKING, INC.

11.1.   Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant HMD.  Defendant's response is due within fifty (50) days from the date of service thereof.  Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.     Please state how you contend the collision in question occurred.

Interrogatory 2.     Please state the name, positions held, general job descriptions, and lengths of employment of Hargis at the time of the collision in question.

Interrogatory 3.     Please state the full extent of any training, education, or experience concerning driving and inspection of vehicles techniques or principles Hargis has received.

Interrogatory 4.     Was Hargis acting in the course and scope of his employment with HMD at the time of the collision made the basis of this lawsuit?  If you are contending that Hargis was not acting in the course and scope of employment for HMD at the time of the subject collision, please state exactly why you are making such contention.

Interrogatory 5.     If the vehicle driven by Hargis at the time of the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

Interrogatory 6.     Please list all traffic accidents in which Hargis has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

Interrogatory 7.     Please give a description of all traffic violations for which Hargis has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

---

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)                                                          Page 5 of 16



| | |
|---|---|
| Interrogatory 8 | With respect to collisions or accidents involving one of HMD's vehicles and/or a driver employed by you or under contract with you, please state:<br>a. When the driver is required to make a report and to whom;<br>b. A description of any written report required to be made by any person;<br>c. Where and in whose custody such reports are kept; and<br>d. When a driver must submit for a drug test by giving a urine sample. |
| Interrogatory 9. | Did Hargis receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If the ticket was paid, did Hargis plead guilty? What court did Hargis have to appear in or call to resolve the citation or ticket? |
| Interrogatory 10. | Do you contend that someone other than Hargis did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck. |
| Interrogatory 11. | Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief? |
| Interrogatory 12: | Does HMD use any type of GPS system or other computerized device (such as Omnitracs, Qualcomm or XATA) to monitor the movements and/or speed of its vehicles and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained. |
| Interrogatory 13: | For any cell phone used by or issued to Hargis during the time period starting 48 hours before the wreck and ending 12 hours after the wreck, please identify the cell phone carrier and the cell phone number. |



**VERIFICATION**

STATE OF TEXAS                                        §

                                                     §

COUNTY OF _____                            §

     BEFORE    ME,    the    undersigned    authority,    on    this    day    personally appeared_____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me to be the duly authorized representative of _____ Defendant in the above numbered and entitled cause of action, and after being duly sworn, stated that the above and foregoing answers to interrogatories are true and correct and that said _____ is authorized to make this affidavit on behalf of _____.

                                                        _____

     SWORN TO AND SUBSCRIBED BEFORE ME by the said_____, on this the day of _____. 2020, to certify which witness my hand and seal of office.

**[S E A L]**

                                        _____

                                        Notary Public, State of Texas



12.   **REQUEST FOR PRODUCTION TO HMD TRUCKING, INC.**

12.1.   Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendant HMD produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendant produce the items requested at Maltos Law Office, PLLC, 8600 Wurzbach Road, Ste. 702, San Antonio, Texas 78240. Please produce the items requested in the native format. For example, please produce images, videos, or photographs in the native and digital format.

1.   Produce any and all documents, including but not limited to invoices, repair bills, or estimates, reflecting the damage to any vehicle involved in the collision in question.

2.   Produce any and all photographs, images, video recordings, or other depictions of any and all vehicles involved in the collision in question.

3.   Produce any and all photographs and images of the scene of the collision in question.

4.   Produce any and all photographs, images, diagrams, depictions, slides, and video recordings that you intend to use at trial.

5.   Produce any and all photographs, video recordings, images, surveillance, or other depictions of Plaintiff.

6.   Produce any and all photographs, video recordings, images, or other depictions of Hargis that pertain to the incident in question, his training or job performance.

7.   Produce any and all witness statements pertaining to the incident made the basis of this lawsuit.

8.   Produce any and all statements from Hargis regarding the collision in question or the events leading to the collision in question.

9.   Produce any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

10.   Produce any and all documents related to Hargis and his employment with HMD for the dates of February 20 – March 20, 2020.

11.   Produce any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicles involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading,

---


Demoversion

maintenance records, operations manuals, vehicle condition reports, and other documents obtained regarding the vehicles.

12. Produce any and all pictures, drawings, photographs, images or all recordings in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing Hargis, any of the vehicles or any part of the vehicles involved in the collision in question, or the location of such collision.

13. Produce any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

14. Produce any written, recorded or reproduced statement or communication made regarding the incident in question or Hargis's performance, competency, or qualifications to operate your vehicles.

15. Produce any records or documentation (medical or non-medical) concerning Hargis that would indicate whether he was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

16. Produce any records or documentation (medical or non-medical) concerning Hargis that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question

17. Produce any records or documentation (medical or non-medical) that would indicate that Hargis was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

18. Produce a color copy of the front and back of Hargis's current driver's license.

19. Produce a copy of any company vehicle use records for the vehicles involved in the collision for the thirty (30) days preceding and including the date of the collision in question.

20. Produce any documentation concerning Hargis involving disciplinary actions, demerits, reprimands, or incidents indicating less than satisfactory job performance.

21. Produce any and all manuals, instructions, training guides, guidelines, directives, or memoranda that would apply to the position held by Hargis at the time of the incident made the basis of this lawsuit. This would include all documents that contain the policies and procedures that you expected Hargis to follow in the operation of a motor vehicle.

---

*Wilborn v. Hargis, et al.*
Plaintiff's Original Petition (With Discovery)                                          Page 9 of 16



22. Produce any and all records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Hargis was an unsafe driver or that the vehicle he used on the date of the subject incident was defective or unsafe to use or operate.

23. Produce any and all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named Defendants with respect to this claim.

24. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of the Plaintiff prior to the date you received notice of this lawsuit, please produce any and all correspondence, memoranda, statements, recordings, transcripts of recordings, reports, investigation reports, close-out reports, summaries, or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate there was a substantial chance litigation would ensue.

25. Produce any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of the Plaintiff.

26. Produce any insurance policies that provide, or may provide, coverage for the collision in question.

27. Produce any reservation of rights letters or indemnification agreements that pertain to the incident made the basis of this lawsuit.

28. Produce any cell phone bills that would show whether or not Hargis was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

29. Produce any and all cell phone bills and records for any cell phone used by Hargis for the period starting thirty (30) days before the wreck made the basis of this lawsuit and ending 12 hours after the wreck.

30. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the vehicles in the incident at issue for the period starting February 20, 2020 through March 22, 2020,

31. Produce any and all expense receipts and reports submitted by Hargis for the period starting February 20 thru March 22, 2020.

32. Produce any and all incident reports generated by Hargis or you regarding the collision at issue in this lawsuit.

33. If, during the time period starting February 20, 2020 and ending March 22, 2020, Hargis

---



drove a vehicle different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and Omnitracs tracking information showing the location of the vehicle driven by Hargis for that time period.

34. Please provide the vehicle used by Hargis on the day of the incident in question for inspection, measurements, and photographing.

35. Please provide all component parts that were removed (after the incident) from the vehicle used by Hargis on the day of the incident in question for inspection, measurements, and photographing.

36. Produce any and all personnel files, accident files, and other files and documents that you maintain or possess regarding Hargis.

37. Produce any and all communications to and from Hargis for the period starting February 20, 2020 and ending March 22, 2020.

38. Produce any and all documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Hargis during the period starting January 1, 2020 and ending March 20, 2020. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, Omnitracs data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

39. Produce any and all safety performance history records regarding Hargis.

40. Produce any and all vehicle inspection, maintenance reports for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck for the vehicles Hargis used.

41. Produce any and all pre-trip check lists completed by Hargis for the period starting February 20, 2020 through March 22, 2020.

42. Produce the vehicle accident kit issued to Hargis.

43. Produce an exemplar blank vehicle accident kit used by HMD.

44. Produce any and all repair and maintenance documentation, including imaged and bills regarding the vehicles Hargis used on for the period starting February 20, 2020 and ending March 22, 2020.

45. Produce any and all electronically created or stored data regarding any vehicle operated by Hargis for the period starting February 20, 2020 and ending March 22, 2020.



46.     Produce copies of all documents obtained by deposition on written question or subpoena.

47.     Produce the last inspection and maintenance reports on the vehicle Hargis operated and used on the date of the incident in question.

48.     Produce all documentation indicating a verbal or written warning was given to Hargis.

49.     Please provide any and all documents and items obtained through Deposition on Written Questions or subpoena involving any party named in this matter. Please provide all responses to the Deposition on Written Questions as well.

## 13.     INTERROGATORIES TO HARGIS

13.1.   Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Hargis. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continues to supplement his responses to these Interrogatories as provided for by the Rules.

| | |
|---|---|
| Interrogatory 1. | Please state how you contend the collision in question occurred. Please include the location of your departure, any stops along the route, and your destination. |
| Interrogatory 2. | Please state the name of your employers, positions held, general job descriptions, and lengths of your employment for the time period of March 1, 2015 through the date of the incident made the basis of this lawsuit. |
| Interrogatory 3. | Please state the full extent of any training, education, or experience concerning driving and vehicle inspection techniques or principles you received in the last five years. |
| Interrogatory 4. | Please list all traffic accidents in which you have been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents. |
| Interrogatory 5. | Please give a description of all traffic violations for which the you have been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation. |
| Interrogatory 6. | With respect to collisions or accidents involving one of HMD's vehicles, please state: |

        a.     When the driver is required to make a report and to whom;


Demoversion

b.  A description of any written report required to be made by
    any person;
c.  Where and in whose custody such reports are kept; and
d.  When a driver must submit for a drug test by giving a urine
    sample.

**Interrogatory 7.**  Did you receive any reprimands, warnings, or disciplinary actions as a result
of the collision in question?

**Interrogatory 8.**  Do you contend that the Plaintiff did or failed to do something that
contributed to the wreck made the basis of this lawsuit? If so, please state
what you claim that person did or failed to do, or how the action or inaction
caused or contributed to the wreck.

**Interrogatory 9.**  Please state the date on which you first subjectively believed that there was
a substantial chance that litigation would arise from the wreck made the
basis of this lawsuit? What facts gave rise to your subjective belief?

**Interrogatory 10:**  For any cell phone used by or issued to you during the time period starting
48 hours before the wreck and ending 12 hours after the wreck, please
identify the cell phone carrier and the cell phone number.

**Interrogatory 11:**  Did you receive any reprimands, warnings, or disciplinary actions as a result
of any of your actions while operating a motor vehicle in the 3 years prior
to the subject crash?

Demoversion

## VERIFICATION

STATE OF TEXAS                                          §

§

COUNTY OF _____                    §

BEFORE     ME,     the     undersigned     authority,     on     this     day     personally

appeared_____, known to me to be the person whose name is

subscribed to the foregoing instrument, and acknowledged to me that the above and foregoing

answers to interrogatories are true and correct.

_____

Kemonta Hargis

SWORN TO AND SUBSCRIBED BEFORE ME by the said_____, on this the

day of _____, 2020, to certify which witness my hand and seal of office.

[S E A L]

_____

Notary Public, State of Texas



## 14.   PRAYER

14.1.   Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged in a total amount in excess of $1,000,000.00, such amount being within the jurisdictional limits of this Court.  Plaintiff seeks pre-judgment interest as allowed by Texas law.

14.2.   Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiff recovers:

14.2.1. Judgment against Defendants for Plaintiff's damages as set forth above;

14.2.2. Pre-judgment interest on Plaintiff's damages as allowed by law;

14.2.3. Interest on the judgment at the legal rate from the date of judgment;

14.2.4. Costs of court, and

14.2.5. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**MALTOS LAW FIRM, PLLC**
8600 Wurzbach, Ste. 702
San Antonio, TX 78240
Office: 210/598-8474
Fax:    210/775-5009
Email:  manuel@maltoslaw.com  and
           denise@maltoslaw.com
E-Service:  e-serve@maltoslaw.com


By:  _____*/s/Manuel Maltos*_____
MANUEL C. MALTOS
State Bar No. 24050985

and

**CANTU LAW FIRM, PLLC**
8600 Wurzbach, Ste. 702
San Antonio, TX 78240
Office: 210/547-0505
GERMAN CANTU
State Bar No. 24096536
gcantu@thecantulawfirm.com


*ATTORNEYS FOR PLAINTIFF*



Filed 2/1/2021 2:42 PM
Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Ashley Reynolds

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**                                                                **County of Atascosa**

Case Number: 20-11-0959-CVA

Plaintiff:
**MARCUS HAMILTON WILBORN**

vs.

Defendant:
**KEMONTA HARGIS AND HMD TRUCKING, INC.,**

Received by MICHAEL REX SAWDY, PA on the 15th day of January, 2021 at 11:43 am to be served on **KEMONTA HARGIS, 1812 THOMAS LANE, SALSBURY, MD 21801**

I, MICHAEL REX SAWDY, PA, being duly sworn, depose and say that on the **19th day of January, 2021 at 11:00 am, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **CITATION /PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)** with the date of service endorsed thereon by me, to: **KEMONTA HARGIS** at the address of: **1812 THOMAS LANE, SALSBURY, MD 21801,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: M, Race/Skin Color: Black, Height: 5'9", Weight: 170, Hair: Black, Glasses: Y

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which this service was made.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the ____ day of _____, _____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires
8-14-2022

_____  1-19-21
**MICHAEL REX SAWDY, PA**
Process Server

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2021000231

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x

CITATION - personal service -TRC 99
Cause No. 20-11-0959-CVA



| | | |
|---|---|---|
| MARCUS HAMILTON WILBORN -VS- KEMONTA HARGIS AND HMD TRUCKING, INC. | § § § § | IN THE 81ST-218TH DISTRICT COURTS OF ATASCOSA COUNTY, TEXAS |

## THE STATE OF TEXAS

TO: KEMONTA HARGIS, 1812 THOMAS LANE, SALSBURY, MARYLAND 21801, Defendant, Greeting~

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you." *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY) at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the Honorable 81ST-218TH DISTRICT COURTS Court of Atascosa County, Texas, at the Courthouse in said County in Jourdanton, Texas. Said PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY) was filed in said court on the 18th day of November, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY) accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Jourdanton, Texas this 12th day of January, 2021.

Attorney for Plaintiff or Plaintiff:
MANUEL C. MALTOS
8600 WURZBACH, STE. 702
SAN ANTONIO, TX 78240

Clerk of the Court:
MARGARET E. LITTLETON, DISTRICT CLERK
1 COURTHOUSE CIRCLE DR. STE. 4-B
JOURDANTON, TX 78026

By: _A. Villalobos_
ANDREA VILLALOBOS, DEPUTY CLERK

DISTRICT COURT
ATASCOSA COUNTY, TEXAS

Scanned with CamScanner

Filed 2/8/2021 9:05 AM
Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Andrea Villalobos

### CAUSE NO. 20-11-0959-CVA

| | | |
|---|---|---|
| **MARCUS HAMILTON WILBORN,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **81ST-218TH JUDICIAL** |
| | § | **DISTRICT COURTS** |
| **KEMONTA HARGIS and HMD** | § | |
| **TRUCKING, INC.,** | § | |
| *Defendants.* | § | **ATASCOSA COUNTY, TEXAS** |

### DEFENDANT KEMONTA HARGIS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE AND JURY DEMAND

COMES NOW, KEMONTA HARGIS ("Defendant"), Defendant in the above-styled and numbered cause of action, who files this Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, denying each and every allegation of Plaintiff contained in Plaintiff's Original Petition, together with any and all amendments thereto, and requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### REQUESTS FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby formally makes this demand for a jury trial. The requisite jury fees were tendered with the Defendant's Original Answer to Plaintiff's Original Petition.

4842-6858-7736.1

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take NOTHING by reason of his suit and that the Defendant has all costs of court, together with such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / David A. Oubre_
DAVID A. OUBRE
Texas Bar No.: 00784704
David.Oubre@lewisbrisbois.com
GARY G. GREEN
Texas Bar No. 08350993
Gary.Green@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
**ATTORNEYS FOR DEFENDANT,
KEMONTA HARGIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served on counsel of record pursuant to the Texas Rules of Civil Procedure on February 8, 2021.

_**Via E-Filing:**_

Manuel C. Maltos
_manuel@maltoslaw.com_
_denise@maltoslaw.com_
_e-service@maltoslaw.com_
MALTOS LAW FIRM, PLLC
8600 Wurzbach, Suite 702
San Antonio, Texas 78240
AND

German Cantu
_gcantu@thecantulawfirm.com_
CANTU LAW FIRM, PLLC
8600 Wurzbach, Suite 702
San Antonio, Texas 78240
ATTORNEYS FOR PLAINTIFF

_/ s / Gary G. Green_
**GARY G. GREEN**

4842-6858-7736.1